UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMILY C. | : |
| | : |
| v. | :    C.A. No. 24-00324-LDA |
| | : |
| LELAND C. DUDEK, Acting Commissioner Social Security Administration | : : : |

**MEMORANDUM AND ORDER**

This matter is before the Court for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Supplemental Security Income ("SSI") under the Social Security Act (the "Act"), 42 U.S.C. § 405(g). Plaintiff filed her Complaint on August 12, 2024 seeking to reverse the decision of the Commissioner. On January 10, 2025, Plaintiff filed a Motion to Reverse the Decision of the Commissioner. (ECF No. 10). On February 6, 2025, the Commissioner filed a Motion for an Order Affirming the Decision of the Commissioner. (ECF No. 11). A reply brief was not filed.

With the consent of the parties, this case has been referred to me for all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. Based upon my review of the record, the parties' submissions, and independent research, I find that there is substantial evidence in this record to support the Commissioner's decision and findings that Plaintiff is not disabled within the meaning of the Act. Consequently, Plaintiff's Motion to Reverse (Document No. 10) is DENIED and the Commissioner's Motion for an Order Affirming (ECF No. 11) is GRANTED.

I. **PROCEDURAL HISTORY**

Plaintiff filed an application for SSI on January 24, 2022 which was denied initially on May 26, 2022 (Tr. 63-70) and on reconsideration on September 8, 2022. (Tr. 72-79). Plaintiff requested an Administrative Hearing which was held on July 28, 2023 before Administrative Law Judge Kate Dana (the "ALJ") at which Plaintiff, represented by counsel, and a vocational expert ("VE") appeared and testified. (Tr. 30-61). The ALJ issued an unfavorable decision to Plaintiff on October 4, 2023. (Tr. 11-25). On June 6, 2024, the Appeals Council denied Plaintiff's request for review. (Tr. 1-3). A timely appeal was then filed with this Court.

II. **THE PARTIES' POSITIONS**

Plaintiff argues that remand is required because the ALJ failed to discharge the Commissioner's burden at Step 5 of the evaluation process and because the residual functional capacity ("RFC") fails to account for Plaintiff's ability to sustain work over a normal workday and workweek.

The Commissioner disputes Plaintiff's claims and contends that Plaintiff's RFC is consistent with GED reasoning level 2 or 3 jobs and that the RFC accounts for Plaintiff's ability to complete a normal workday and workweek.

III. **THE STANDARD OF REVIEW**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Ortiz v. Sec'y of HHS, 955 F.2d 765, 769 (1st Cir. 1991) (per curiam); Rodriguez v. Sec'y of HHS, 647 F.2d 218, 222 (1st Cir. 1981).

Where the Commissioner's decision is supported by substantial evidence, the court must affirm, even if the court would have reached a contrary result as finder of fact. Rodriguez Pagan v. Sec'y of HHS, 819 F.2d 1, 3 (1st Cir. 1987); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Frustaglia v. Sec'y of HHS, 829 F.2d 192, 195 (1st Cir. 1987); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

The court must reverse the ALJ's decision on plenary review, however, if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam); accord Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled. Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001) citing, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985).

The court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences. Seavey, 276 F.3d at 8. To remand under sentence four, the court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. Id.; accord Brenem v. Harris, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow her to explain the basis for her decision. Freeman v. Barnhart,

274 F.3d 606, 609-610 (1st Cir. 2001). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council). After a sentence four remand, the court enters a final and appealable judgment immediately, and thus loses jurisdiction. Freeman, 274 F.3d at 610.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court...may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g). To remand under sentence six, the claimant must establish: (1) that there is new, non-cumulative evidence; (2) that the evidence is material, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for failure to submit the evidence at the administrative level. See Jackson v. Chater, 99 F.3d 1086, 1090-1092 (11th Cir. 1996).

A sentence six remand may be warranted, even in the absence of an error by the Commissioner, if new, material evidence becomes available to the claimant. Id. With a sentence six remand, the parties must return to the court after remand to file modified findings of fact. Id. The court retains jurisdiction pending remand and does not enter a final judgment until after the completion of remand proceedings. Id.

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must be severe,

making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

### A. Opinion Evidence

For applications like this one, filed on or after March 27, 2017, the Administration has fundamentally changed how adjudicators assess opinion evidence. The requirements that adjudicators assign "controlling weight" to a well-supported treating source's medical opinion that is consistent with other evidence, and, if controlling weight is not given, must state the specific weight that is assigned – are gone. See Shaw v. Saul, No. 19-cv-730-LM, 2020 WL 3072072, *4-5 (D.N.H. June 10, 2020) citing Nicole C. v. Saul, Case No. cv 19-127JJM, 2020 WL 57727, at *4 (D.R.I. Jan. 6, 2020) (citing 20 C.F.R. § 404.1520c(a)). Under the newly applicable regulations, an ALJ does not assign specific evidentiary weight to any medical opinion and does not defer to the opinion of any medical source (including the claimant's treating providers). 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ evaluates the relative persuasiveness of the medical evidence in terms of five specified factors. Id.

The five factors the ALJ considers in evaluating the persuasiveness of a medical opinion are supportability (the relevance of the opinion's cited objective medical evidence), consistency (how consistent the opinion is with all of the evidence from medical and non-medical sources), treatment/examining relationship (including length of treatment relationship, frequency of examinations, purpose of treatment relationship, and existence and extent of treatment/examining relationship), specialization (the relevance of the source's specialized education or training to the claimant's condition), and what the Administration refers to as "other factors" (the medical source's familiarity with the claimant's medical record as a whole and/or with the Administration's policies or evidentiary requirements). Shaw, 2020 WL 3072072 at *4 citing 20 C.F.R. §§

404.1520c(c)(1)-(5), 416.920c(c)(1)-(5) (emphasis supplied). Of the five factors, the "most important" are supportability and consistency. Id. §§ 404.1520c(a), 404.1520c(b)(2), 416.920c(a), 416.920c(b)(2).

While the ALJ must consider all five of the factors in evaluating the persuasiveness of medical evidence, when preparing the written decision, the ALJ is, in most cases, only required to discuss application of the supportability and consistency factors. Id. §§ 404.1520c(b)(2), 416.920c(b)(2). Only where contrary medical opinions are equally persuasive in terms of both supportability and consistency is the ALJ required to discuss their relative persuasiveness in terms of the treatment/examining relationship, specialization, and other factors. Id. §§ 404.1520c(b)(3), 416.920c(b)(3). In addition, where a single medical source offers multiple opinions, the ALJ is not required to discuss each opinion individually, but instead may address all of the source's opinions "together in a single analysis." Id. §§ 404.1520c(b)(1), 416.920c(b)(1).

Moreover, while the ALJ must consider all of the relevant evidence in the record, Id. §§ 404.1520b(a)-(b), 416.920b(a)-(b), the ALJ need not discuss evidence from nonmedical sources, including, e.g., the claimant, the claimant's friends and family, educational personnel, and social welfare agency personnel. Id. §§ 404.1502(e), 404.1520c(d), 416.902(j), 416.920c(d). And while the regulations require the ALJ to discuss the relative persuasiveness of all medical source evidence, Id. §§ 404.1520c(b), 416.920c(b), the claimant's impairments must be established specifically by evidence from an acceptable medical source, Id. §§ 404.1521, 416.921.

"Acceptable medical sources" are limited to physicians and psychologists, and (within their areas of specialization or practice) to optometrists, podiatrists, audiologists, advanced practice registered nurses, physician assistants, and speech pathologists. Id. §§ 404.1502(a), 416.902(a). Evidence from other medical sources, such as licensed social workers or chiropractors, is

insufficient to establish the existence or severity of a claimant's impairments.  Id.  Finally, the ALJ need not discuss evidence that is "inherently neither valuable nor persuasive," including decisions by other governmental agencies or nongovernmental entities, findings made by state disability examiners at any previous level of adjudication, and statements by medical sources as to any issue reserved to the Commissioner.  Id. §§ 404.1520b(c), 416.920b(c).

### B. Developing the Record

The ALJ has a duty to fully and fairly develop the record.  Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991).  The Commissioner also has a duty to notify a claimant of the statutory right to retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right if counsel is not retained.  See 42 U.S.C. § 406; Evangelista v. Sec'y of HHS, 826 F.2d 136, 142 (1st Cir. 1987).  The obligation to fully and fairly develop the record exists if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel.  Id.  However, where an unrepresented claimant has not waived the right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty.  See Heggarty, 947 F.2d at 997, citing Currier v. Sec'y of Health Educ. and Welfare, 612 F.2d 594, 598 (1st Cir. 1980).

### C. Medical Tests and Examinations

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled.  20 C.F.R. § 416.917; see also Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986).  In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such an examination is necessary to

enable the ALJ to render an informed decision. Carrillo Marin v. Sec'y of HHS, 758 F.2d 14, 17 (1st Cir. 1985).

### D.    The Five-step Evaluation

The ALJ must follow five steps in evaluating a claim of disability. See 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her RFC, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f). Significantly, the claimant bears the burden of proof at steps one through four, but the Commissioner bears the burden at step five. Wells v. Barnhart, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (five-step process applies to both SSDI and SSI claims).

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments and must consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).

The claimant bears the ultimate burden of proving the existence of a disability as defined by the Social Security Act. Seavey, 276 F.3d at 5. The claimant must prove disability on or before the last day of her insured status for the purposes of disability benefits. Deblois v. Sec'y of HHS, 686 F.2d 76 (1st Cir. 1982), 42 U.S.C. §§ 416(i)(3), 423(a), (c). If a claimant becomes disabled after she has lost insured status, her claim for disability benefits must be denied despite her disability. Id.

### E. Other Work

Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy. Seavey, 276 F.3d at 5. In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant. Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989). This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines (the "grids"). Seavey, 276 F.3d at 5. Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional factors. Id.; see also Heckler v. Campbell, 461 U.S. 458 (1983) (exclusive reliance on the grids is appropriate in cases involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements).

Exclusive reliance is not appropriate when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills. Nguyen, 172 F.3d at 36. In almost all of such cases, the Commissioner's burden can be met only through the use of a vocational expert. Heggarty, 947 F.2d at 996. It is only when the claimant can clearly do unlimited types of work at a given residual

functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy. See Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981). In any event, the ALJ must make a specific finding as to whether the non-exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.

### 1. Pain

"Pain can constitute a significant non-exertional impairment." Nguyen, 172 F.3d at 36. Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment which could reasonably be expected to produce the pain or symptoms alleged. 42 U.S.C. § 423(d)(5)(A). The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. Social Security Ruling ("SSR") 16-3p, 2017 WL 4790249, at *49462; 20 C.F.R. § 404.1529(c)(3). In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the First Circuit's six-part pain analysis and consider the following factors:

>  (1) The nature, location, onset, duration, frequency, radiation, and intensity of any pain;
> 
>  (2) Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);
> 
>  (3) Type, dosage, effectiveness, and adverse side-effects of any pain medication;
> 
>  (4) Treatment, other than medication, for relief of pain;
> 
>  (5) Functional restrictions; and

    (6) The claimant's daily activities.

Avery v. Sec'y of HHS, 797 F.2d 19, 29 (1st Cir. 1986). An individual's statement as to pain is not, by itself, conclusive of disability. 42 U.S.C. § 423(d)(5)(A). However, the individual's statements about the intensity, persistence, and limited effects of symptoms may not be disregarded "solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms." SSR 16-3p, 2017 WL 4790249, at *49465.

  **2.** **Credibility**

  Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. Rohrberg, 26 F. Supp. 2d at 309. A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. See Frustaglia, 829 F.2d at 195. The failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true. See DaRosa v. Sec'y of Health and Human Servs., 803 F.2d 24 (1st Cir. 1986).

  A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case. See Smallwood v. Schweiker, 681 F.2d 1349, 1352 (11th Cir. 1982). If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983)). Guidance in evaluating the claimant's statements regarding the intensity, persistence, and limiting effects of subjective symptoms is provided by SSR 16-3p, 2017 WL 4790249, at *49462 (Oct. 25, 2017). It directs the ALJ to consider the entire case record, including

the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; any other relevant evidence; and whether statements about the intensity, persistence, and limiting effects of symptoms are consistent with the medical signs and laboratory findings. SSR 16-3p, 2017 WL 4790249, at *49465.

## V.   APPLICATION AND ANALYSIS

### A.   The ALJ's Decision

The ALJ found Plaintiff had the severe impairments of depressive disorder, anxiety disorder, obsessive-compulsive disorder, and attention deficit hyperactivity disorder. (Tr. 17). The ALJ determined that none of Plaintiff's impairments met or medically equaled a Listing. (Tr. 17-19). The ALJ went on to assess Plaintiff's RFC and found Plaintiff had the RFC to perform a range of work at all exertional levels but with the following nonexertional limitations: the claimant would be able to understand, remember, and carry out simple instructions and tasks. She could frequently interact with supervisors. She could occasionally interact with coworkers and the general public. She could tolerate occasional changes in a routine work setting. (Tr. 19). The ALJ then found Plaintiff not disabled because an individual with Plaintiff's RFC and vocational profile could do a significant number of jobs in the national economy. (Tr. 24).

### B.   Plaintiff's RFC is not inconsistent with GED reasoning level 2 or 3 jobs

The ALJ determined that an individual with Plaintiff's RFC and vocational profile could perform the representative occupations of dishwasher, mail sorter and price marker. These jobs have a GED reasoning level of 2 or 3. (Tr. 25, ECF No. 10 at p. 8). In support of her first argument, Plaintiff contends that the ALJ "did not detect or resolve the seeming conflict between the DOT's description of the jobs in question and the vocational expert's testimony that a person limited to

the performance of simple, repetitive tasks could perform them." (ECF No. 10 at pp. 8-9). The argument Plaintiff mounts, and the legal precedent cited, is one oft-repeated by Plaintiff's counsel in this Court. Plaintiff cites <u>Spearing v. Astrue</u>, No. 07-138-B-W, 2008 WL 2593790, at *3 (D. Me. Mar. 27, 2007) to bolster the claim that a job with GED reasoning level of 2 is beyond the capacity of a claimant limited to simple instructions or simple tasks. (ECF No. 10 at p. 8). The <u>Spearing</u> case, however, is no longer followed in District of Maine. <u>Sharon W. v. Kijakazi</u>, No. 2:21-cv-00287-NT, 2022 WL 2751645 at *4 (D.Me. July 14, 2022).

More importantly, Plaintiff's counsel is aware that the position for which he advocates is no longer good law in this District, because this Court has previously rejected the argument in several recent cases for which Plaintiff's counsel was attorney of record. In <u>Christine L. v. Colvin</u>, C.A. No. 24-145-LDA, 2024 WL 5118440 at *7 (D.R.I. Dec. 16, 2024), <u>Su Y. v. O'Malley</u>, No. 23-541-JJM, 2024 WL 3385200 at *3 (D.R.I. July 11, 2024) and <u>Ryan Y. v. O'Malley</u>, No. 23-540-PAS, 2024 WL 3329755 at *8 (D.R.I. July 8, 2024), this Court noted that jobs with a GED reasoning level of 2 or 3 are consistent with an RFC limitation to simple and unskilled tasks. Because the District of Maine case cited, and the position relied upon by Plaintiff's counsel is not good law, the Court rejects Plaintiff's argument and finds that the RFC is consistent with GED reasoning level 2 or 3 jobs as repeatedly held by this Court.[1]

### C. Plaintiff's RFC Accounts For Her Ability to Sustain Work Over a Normal Workday and Workweek

Next, Plaintiff argues that the ALJ failed to build an accurate and logical bridge between the RFC determination and the evidence, and that Plaintiff's ability to complete a normal

---

[1] The Court cautions Attorney Gannon to be mindful of his obligation of candor toward the tribunal under Rhode Island Rules of Professional Conduct Rule 3.3(a)(2) which applies in this Court via LR Gen 208 and generally requires counsel to disclose adverse legal authority to the Court known by him and not disclosed by opposing counsel.

workweek was not appropriately considered. The Court finds that this argument also lacks merit. The ALJ appropriately found persuasive the opinions of state agency consultants Dr. Jeffrey Hughes and Dr. Susan Killenberg. The ALJ noted that "[t]he state agency expert opinions are the most persuasive as they are well supported, having reviewed the bulk of the evidentiary record, including the psychological consultative examination, and cited to specific evidence to support their opinions." (Tr. 23). The consultants are tasked with assessing a claimant's capacity to sustain work over a normal workday and workweek on an ongoing basis, and to do otherwise would, of course, provide no insight into a claimant's actual functional capacity. The Agency's Program Operations Manual System (POMS) directs adjudicators to "consider a claimant's ability or inability to sustain a forty-hour workweek; advising that '[i]nability to sustain a 40-hour workweek is an RFC finding.'" Christopher B. v. Kijakazi, No. 1:22-cv-00333-NT, 2023 WL 5949446, at *4 (D.Me. Sept. 13, 2023) (citing POMS DI § 24510.057(B)(1)-(2), (4)), R. & R. adopted, 2023 WL 6390661 (D.Me. Oct. 2, 2023).

Here, Dr. Hughes and Dr. Killenberg both noted that Plaintiff would be moderately limited in her "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms." (Tr. 68, 77). However, the ALJ appropriately relied upon the narrative explanation of that limitation and in which these consultants found that Plaintiff could "finish simple 1-3 step familiar tasks over the course of a normal 8/5/40 work routine." Id. Plaintiff relies primarily upon the fact that she had an IEP as an accommodation while in school and that the ALJ did not specifically address the ability to sustain an ordinary routine in her Decision. Plaintiff, however, does not establish any specific off-task limitation or that she would be unable to complete a normal workday or workweek within the confines of the RFC.

Ultimately, Plaintiff's challenge to the ALJ's evaluation of the record in this case inappropriately asks this Court to reweigh the evidence in a manner more favorable to her. See e.g., Seavey v. Barnhart, 276 F.3d 1, 10 (1st Cir. 2001) (the ALJ is responsible for weighing the evidence and resolving conflicts). The ALJ's resolution of evidentiary conflicts must be upheld if supported by substantial evidence, even if contrary results might have been tenable also." Benetti v. Barnhart, 293 Fed. Appx. 6, 2006 WL 255972 (1st Cir. Sept. 6, 2006) (per curiam) (citing Rodriguez Pagan v. Sec'y of HHS, 819 F.2d 1 (1st Cir. 1987). In other words, the issue presented is not whether this Court would have rendered a disability finding reviewing this record de novo but rather whether the record contains substantial evidence sufficient to support the ALJ's findings. Since Plaintiff has shown no error in the ALJ's evaluation of the medical evidence or in the ALJ's ultimate findings, and those findings are adequately supported by the record, the ALJ's decision must be affirmed.

## VI.     CONCLUSION

For the reasons discussed herein, Plaintiff's Motion to Reverse the Decision of the Commissioner (ECF No. 10) is DENIED and Defendant's Motion for an Order Affirming the Decision of the Commissioner (ECF No. 11) is GRANTED. Further, the Clerk shall enter Final Judgment in favor of the Commissioner.

 /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
May 1, 2025